■ In the Matter of EVEREADY INSURANCE COMPANY, Appellant, v JONETTA THOMPSON et al., Respondents. HOPELYN ADAMS et al., Proposed Additional Respondents; ALLSTATE INSURANCE COMPANY, Proposed Additional Respondent. [753 NYS2d 883] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Queens County (Thomas, J.), dated June 24, 2002, which dismissed its motion to include an additional issue for determination at a hearing upon the ground that the motion had been rendered academic by a stipulation discontinuing the petition against the proposed additional respondent Allstate Insurance Company.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Queens County, to determine the petitioner's motion on the merits.

After the Supreme Court ordered a hearing to determine whether Allstate Insurance Company (hereinafter Allstate) insured the offending vehicle on the date of the accident, the petitioner moved to include a second issue for determination at the hearing. The parties then entered into a stipulation which discontinued the petition "as to Allstate only," but expressly provided that the issue raised by the pending motion, which involved a dispute over whether the petitioner's insured and her passengers had given timely notice of their uninsured motorist claim, was "still before the court." Under these circumstances, the Supreme Court erred in concluding, in essence, that the stipulation discontinuing the action against Allstate rendered the pending motion academic. Accordingly, we remit the matter to the Supreme Court, Queens County, to determine the petitioner's motion on the merits. Feuerstein, J.P., Krausman, Mastro and Rivera, JJ., concur.